IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO WHITING,** | : | CIVIL ACTION NO. 3:19-CV-1464 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| Defendants | : | |

# **MEMORANDUM**

This is a prisoner civil rights case under 42 U.S.C. § 1983, in which plaintiff Ricardo Whiting alleges that he was subjected to deliberate indifference to a serious medical need in violation of the Eighth Amendment. Defendants have moved for summary judgment. The motion will be granted.

I. **Factual Background & Procedural History**[1]

Whiting is currently incarcerated in the Pennsylvania Department of Corrections ("DOC"). (Doc. 26 ¶ 1; Doc. 39 ¶ 1). Prior to February 2018, he was incarcerated in the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"). (Doc. 26 ¶ 2; Doc. 39 ¶ 2). While at SCI-Huntingdon, Whiting received pain medication for a bullet that was lodged in his hip. (Doc. 26 ¶ 3; Doc. 39 ¶ 3). He was not charged for the pain medication while he was at SCI-Huntingdon. (Doc. 26 ¶ 3; Doc. 39 ¶ 4).

On February 22, 2018, Whiting was transferred from SCI-Huntingdon to another prison in the DOC system, SCI-Mahanoy. (Doc. 26 ¶ 6; Doc. 39 ¶¶ 2, 4). Whiting was seen by SCI-Mahanoy medical staff on two occasions following his transfer, and the staff informed him that he would have to a $5 copay to continue

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. In this case, Whiting's statement is not directly responsive to defendants' statement, but it does address and concur in many of defendants' factual assertions. (See Doc. 39). A counter-statement of material facts that does not respond directly to the movants' statement is not allowed by the Local Rules of this district, see, e.g., Holt v. Commonwealth of of Pa., State Police Dep't, No. 1:18-CV-2448, 2021 WL 3511104 (M.D. Pa. Aug. 10, 2021); Barber v. Subway, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015), but the court will nonetheless consider Whiting's statement as part of its liberal construction of his filings. See, e.g., Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018) (noting that district courts must liberally construe filings from *pro se* litigants). Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 26, 39). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

receiving his medication.  (Doc. 26 ¶¶ 7, 10; Doc. 39 ¶ 10).  Whiting filed a grievance to complain about the fact that he had to pay for the medication on June 11, 2018.  (Doc. 26 ¶ 11; Doc. 39 ¶ 11).  Defendant Deborah Fryer, an R.N. employed by SCI-Mahanoy, denied the grievance on June 25, 2018.  (Doc. 26 ¶ 12; Doc. 39 ¶ 11).  Whiting subsequently appealed the grievance through all required levels of the DOC's grievance process.  (Doc. 26 ¶¶ 13–17; Doc. 39 ¶¶ 11–14).

Whiting initiated the present case in the Schuylkill County Court of Common Pleas on October 15, 2018.  Defendants removed the case to this district on August 22, 2019.  The parties stipulated to the dismissal of defendant Wexford Health Services, Inc. on November 14, 2019, and the court accepted that stipulation on the following day.

Defendants moved for summary judgment on October 14, 2020,[2] and filed a brief in support of the motion on November 30, 2020.  Whiting opposed the motion on May 26, 2021, and the court received his brief on June 7, 2021.  Defendants did not file a reply brief in support of the motion, and the motion is now ripe for the court's disposition.

## II.  **Legal Standard**

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  FED. R. CIV. P. 56(a).  The burden of

---

[2] Because Defendant R. Miller has not been served with process, he has not moved for summary judgment or otherwise responded to the complaint.

proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

### III. Discussion

Defendants raise four arguments in support of summary judgment. First, that Whiting cannot demonstrate that defendant Fryer was personally involved in the alleged constitutional violations. Second, that defendants DOC and SCI-Mahanoy medical department are entitled to sovereign immunity under the Eleventh Amendment and are not persons subject to suit under § 1983. Third, that Whiting has failed to file a certificate of merit supported by the opinion of a doctor. And fourth, that defendant R. Miller is entitled to summary judgment because he was not served with process within 90 days after the complaint was filed. The court addresses these arguments *seriatim*.

### A. Personal Involvement

We first address whether defendant Fyer is entitled to summary judgment based on a lack of personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id. A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

Defendants argue that Fryer is entitled to summary judgment because her only involvement in the alleged constitutional violations was her denial of Whiting's grievance. (Doc. 29 at 6–7). Whiting acknowledges that Fyer's only involvement was in denying his grievance, but argues that this constitutes personal involvement because Fyer could have corrected or remedied the wrong by granting his grievance and failed to do so. (Doc. 40 at 4).

We find that Fryer is entitled to summary judgment. It is undisputed that Fryer's only involvement in the alleged constitutional violations was denying Whiting's prison grievance, and the denial of a prison grievance is plainly not sufficient to establish a defendant's personal involvement in a constitutional violation. Dooley, 957 F.3d at 374.

**B.     Eleventh Amendment Immunity**

We next consider whether DOC and SCI-Mahanoy medical department are entitled to sovereign immunity. The United States Constitution prohibits a private citizen from bringing a suit against a nonconsenting state and its agencies. Allen v. Cooper, 589 U.S. __, 140 S. Ct. 994, 1000 (2020). Congress may abrogate a state's sovereign immunity when it does so through unequivocal statutory language and its action is based on some constitutional provision that allows Congress to encroach on the state's sovereign immunity. Id. at 1001. Defendants argue that DOC and SCI-Mahanoy medical department are immune from suit because the Commonwealth of Pennsylvania has not consented to suit and Congress has not abrogated sovereign immunity for this type of claim. (Doc. 29 at 7–8).

Defendants' argument is mistaken. By voluntarily removing this case from state court to federal court, defendants waived their immunity from suit. Lombardo v. Pa., Dep't of Public Welfare, 540 F.3d 190, 197 (3d Cir. 2008).

Our sovereign immunity inquiry is not at an end, however, as sovereign immunity "includes both immunity from suit in federal court and immunity from liability," and a state may waive one form of immunity without waiving the other. Id. at 193. When a state voluntarily removes a case from state court and waives its immunity from suit, the state "retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability." Id. at 198. Defendants invoke immunity from liability in this case, arguing that the exceptions to sovereign immunity that Pennsylvania has created by statute do not apply. (Doc. 29 at 7–8).

6

Defendants are again mistaken. By statute, Pennsylvania has waived sovereign immunity for claims arising from "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." 42 PA. CONS. STAT. § 8522(b)(2). Pennsylvania has expressly reserved this immunity for claims brought in federal court, see id. § 8521(b); Downey v. Pa. Dep't of Corr. 968 F.3d 299, 310 (3d Cir. 2020), but its removal of the case to this court waives that defense. See Lombardo, 540 F.3d at 197.

In sum, DOC and SCI-Mahanoy medical department are not entitled to sovereign immunity because they have waived immunity from suit by removing the case to this district and because the Commonwealth has waived immunity from liability by statute.

**C.  Suits Against Institutional Defendants Under § 1983**

Defendants also assert that DOC and SCI-Mahanoy medical department are entitled to summary judgment because they are not amenable to suit under § 1983. We turn now to that argument.

Section 1983 allows a plaintiff to bring suit against any "person" who violates the plaintiff's constitutional rights while acting under color of state law. 42 U.S.C. § 1983. Neither states nor state agencies are considered persons that are amenable to suit under § 1983. Karns v. Shanahan, 879 F.3d 504, 519 (3d Cir. 2018); Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 854 (3d Cir. 2014). Based on this standard, the United States Court of Appeals for the Third Circuit has held that DOC and its subdivisions are not persons amenable to suit under § 1983. Curtis

7

v. Everette, 489 F.2d 516, 521 (3d Cir. 1973); see also, e.g., Pettaway v. SCI Albion, 487 F. App'x 766 (3d Cir. 2012) (nonprecedential).

We will accordingly grant summary judgment to DOC and SCI-Mahanoy medical department because they are not persons amenable to suit under § 1983. Curtis, 489 F.2d at 521.

**D.     Service of Process**

Finally, we address whether Whiting's claims against defendant R. Miller should be dismissed for lack of service under Federal Rule of Civil Procedure 4(m). Rule 4(m) states that if a defendant "is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Defendants move for dismissal of all claims against R. Miller because the complaint in this case was filed on October 15, 2018, and R. Miller has not been served with process. (Doc. 29 at 10). Whiting does not respond to this argument in his brief. (See Doc. 40). We will accordingly dismiss all claims against defendant R. White without prejudice.[3]

---

[3] Because we have determined that defendants are entitled to summary judgment or dismissal on the basis of other arguments, we will not address defendants' argument that they are entitled to summary judgment based on the lack of a certificate of merit.

**IV.     Conclusion**

We will grant defendants' motion (Doc. 25) for summary judgment and additionally dismiss all claims against defendant R. Miller without prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 19, 2021